**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

ISSAKA NII DOODO ABUBAKAR SADDICK,

　　　　　　　　　　　Petitioner,

　　v.

JEREMY CASEY, WARDEN, *et al.*,

　　　　　　　　　　　Respondents.

Case No. 26-cv-01984-BAS-VET

**ORDER GRANTING AMENDED PETITION FOR WRIT OF HABEAS CORPUS (ECF No. 8)**

Petitioner Issaka Nii Doodo Abubakar Saddick filed an Amended Habeas Petition pursuant to Section 2241, claiming his immigration detention has been arbitrarily and unreasonably prolonged and that he was improperly denied a bond hearing. (ECF No. 8.) Petitioner requests outright release, a bond hearing from the district court, or a bond hearing before an Immigration Judge with certain guardrails. (*Id.*) The Government concedes that, given the Court's prior rulings, Petitioner's detention has been arbitrarily and unreasonably prolonged and that he is entitled to a bond hearing where the Government would bear the burden of establishing by clear and convincing evidence that Petitioner is either a danger to the community or a risk of flight. (ECF No. 10.) For the reasons stated below, the Court **GRANTS** the Petition to the extent Petitioner argues his detention has been arbitrarily and unreasonably prolonged and orders a bond hearing before an Immigration Judge.

- 1 -

## I.    LEGAL STANDARD

A writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld,* 542 U.S. 507, 525 (2004).  "The traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez,* 411 U.S. 475, 484 (1973).  A court may grant a writ of habeas corpus to a petitioner who demonstrates he or she is in custody in violation of the Constitution or federal law.  28 U.S.C. § 2241(c)(3).  It applies to non-citizens detained within the United States. *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).  Since Petitioner is in custody and since he is seeking release from custody, he has standing to pursue this Petition.

## II.    STATEMENT OF FACTS

Petitioner, a citizen of Ghana, entered the United States seeking asylum on December 21, 2024.  (ECF No. 8.)  On July 31, 2025, an Immigration Judge granted withholding of removal but denied his asylum claim.  (*Id.*)  Petitioner appealed this ruling to the Board of Immigration Appeals ("BIA").  (*Id.*)  On March 6, 2026, the BIA sent the case back to the Immigration Judge for retrial.  (*Id.*)  As of April 24, 2026, no future hearing has been set.  (*Id.*, Ex. B.)  Petitioner has been in custody over sixteen months without a bond hearing.

## III.    ANALYSIS

The Court agrees that immigration detention without a bond hearing can be deemed arbitrarily and unreasonably prolonged and thus a violation of the detainee's due process rights. *See, e.g.*, *Rodriguez v. Marin*, 909 F.3d 252, 256 (9th Cir. 2018) ("We have grave doubts that any statute that allows for arbitrary prolonged detention without any process is constitutional or that those who founded our democracy precisely to protect against the government's arbitrary deprivation of liberty would have thought so.").  The Government agrees that sixteen months is an arbitrarily and unreasonably prolonged period of time for Petitioner to be detained.  Hence, the Court **GRANTS** the Petition to the extent it requests that a bond hearing be held before an Immigration Judge.

26cv1984

## IV.    CONCLUSION

Accordingly, the Court issues the following writ:

The Court **ORDERS** a bond hearing before an Immigration Judge for Issaka Nii Doodo Abubakar Saddick (A#249-140-473) within 14 days of the date of this Order.  At that bond hearing, the Government shall have the burden of proving by clear and convincing evidence that Petitioner poses a danger to the community or a risk of flight if released on bond.  The Court orders that the Department of Homeland Security is prohibited from invoking an automatic stay under 8 C.F.R. § 1003.19(i)(2) to defeat the Immigration Judge's bond determination.  If no bond hearing is held within 14 days, Petitioner is ordered released forthwith.

The Clerk of the Court shall close the case.

**IT IS SO ORDERED.**

**DATED: May 7, 2026**

**Hon. Cynthia Bashant, Chief Judge**
**United States District Court**

- 3 -

26cv1984